IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

UNITED STATES OF AMERICA CR. NO.: 2:26-cr-352

v.

Jeckson Armando Vasquez-Salmeron

**ORDER GOVERNING DISCOVERY**

## I. GOVERNMENT'S AUTHORITY TO DISCLOSE GRAND JURY MATERIALS

1. Pursuant to Rule 16(a)(1)(B)(iii), Federal Rules of Criminal Procedure, upon a defendant's request, the United States must disclose to the defendant his or her recorded testimony before a grand jury relating to the charged offense. The United States is also authorized, pursuant to Rule 6(e)(3)(E)(i), to provide to defense counsel the grand jury testimony of potential witnesses and any other grand jury material. The United States shall clearly identify all grand jury material as "restricted material" and shall maintain records of all grand jury matters.

2. The United States is further authorized to disclose to potential government trial witnesses the transcripts of those witnesses' own testimony before the grand jury, as well as any grand jury material obtained from and/or relating to that witness; provided, however, that Government counsel may not release copies of such transcripts or other grand jury material into the custody of such witnesses or their counsel.

3. The United States is authorized pursuant to this order to disclose materials subject to the Privacy Act.

## II. DEFENSE OBLIGATIONS CONCERNING THE HANDLING OF DISCOVERY

4. Defense counsel may disclose the contents of discovery materials to the defendant subject to the following provisions. Counsel may allow the defendant to review discovery furnished by the United States and labeled as "restricted material" in the presence of counsel or counsel's employees. Defense counsel shall not, however, provide the defendant copies of such restricted material.

5. Restricted material or restricted discovery means and includes: 1) any Grand Jury material, and 2) any other material deemed by the United States to require such special designation because of security or privacy concerns. The Government shall clearly label such materials "Restricted Access" and they shall be segregated from the contents of the other discovery materials provided to counsel.

6. Copies of discovery materials not labeled "Restricted Access" may be provided to the defendant.

7. Upon written request by the Government, defense counsel shall return all discovery materials to the United States Attorney's Office within 30 days of the final resolution. If defense counsel believes that further retention of discovery materials is necessary, he/she may negotiate retention with counsel for the Government. If an agreement cannot be reached, defense counsel may seek the court's permission to retain the materials.

8. Juror names, records, lists and questionnaires may not be disclosed to the public nor shall a Defendant be given copies of such information, in compliance with standing order 3:11mc-2153-DCN, governing the selection of jurors for the District of South Carolina.

9. Copies of communications that contain the email address, telephone number or other identifying information of counsel, court officials or their staff, shall not be disclosed except with the permission of those individuals, except for official filings.

10. The Court may, at any time for good cause, deny, restrict, or grant other appropriate orders regulating discovery.

11. Failure to abide by the restrictions of this Order may be punished by the court's use of its contempt powers.

**IT IS SO ORDERED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Date: April 30, 2026
Charleston, South Carolina